**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
David J. Sack
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON MAYORS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>PORT IMPERIAL FERRY CORP.,<br><br>Defendant. | No:  1:24-CV-06815<br><br>CLASS ACTION COMPLAINT |

Nelson Mayors ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.  This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiff and similar hourly paid manual workers (collectively, "Manual Workers") who work or have worked for Port Imperial Ferry Corp. d/b/a NY Waterway (collectively, "NY Waterway" or "Defendant") in New York State.

2.  NY Waterway is a private transportation company that runs a ferry and bus service in the Port of New York, throughout New York City, and in the Hudson Valley.

3.  NY Waterway is a foreign business corporation incorporated in New Jersey.

4.  According to its corporate website, NY Waterway's corporate headquarters is

1

located at 4800 Avenue at Port Imperial Blvd., Weehawken, New Jersey 07086.

5. At all relevant times, Defendant has compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

6. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

7. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Manual Workers in New York.

8. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

9. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

10. Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191. ("NYLL").

## THE PARTIES

**Plaintiff**

**Nelson Mayors**

11. Nelson Mayors ("Mayors") is an adult individual who is a resident of the State of New York.

12. Mayors was employed by NY Waterway as a bus driver from on or about November 2023 until April 2, 2024.

13. Mayors is a covered employee within the meaning of the NYLL.

**Defendant**

  **Port Imperial Ferry Corp.**

14. Port Imperial Ferry Corp. is a foreign business corporation organized and existing under the laws of New Jersey.

15. Port Imperial Ferry Corp.'s corporate headquarters office is located at 4800 Avenue at Port Imperial Blvd., Weehawken, New Jersey 07086.

16. Port Imperial Ferry Corp. may be served through its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

17. Port Imperial Ferry Corp. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

18. Port Imperial Ferry Corp. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

19. Port Imperial Ferry Corp. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

21. The members of the proposed class are citizens of states different from that of Defendant.

22. There are over 100 members in the proposed class.

23. Defendant is subject to personal jurisdiction in New York.

24. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings the First Cause of Action, a NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Port Imperial Ferry Corp. in New York between January 25, 2018 and the date of final judgment in this matter (the "Class").

26. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27. There are more than fifty members of the Class.

28. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

29. Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

30. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

31. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many Plaintiffs and classes in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

34. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Nelson Mayors**

35. Mayors was employed by Port Imperial Ferry Corp. as a bus driver from on or about November 2023 until April 2, 2024.

36. During his employment, Mayors drove a NY Waterway bus throughout New York City.

37. During his employment, over twenty-five percent of Maiorano's duties were

5

physical tasks, including but not limited to: driving the bus, conducting pre-trip bus inspections, including walking around the bus and checking the underside of the bus, cleaning the bus, including picking up garbage left on the rows of seats, sweeping the seats and floor with a broom and dustpan, and wiping the windows of the bus, assisting with wheelchair bound passengers by strapping a bus patron's wheelchair into on the bus's lift.

38. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Mayors has been compensated by Defendant on a bi-weekly basis.

39. For example, for the period beginning on January 14, 2024 and ending January 27, 2024, Mayors was paid his lawfully earned wages on February 1, 2024. *See* **Exhibit A**, Mayors Paystub.

40. In this regard, Defendant failed to pay Mayors his wages earned from January 14, 2024 to January 20, 2024 by January 27, 2024, as required by NYLL § 191(1)(a).

41. As a result of Defendant's untimely wage payments, Mayors was underpaid for the period of January 14, 2024 to January 20, 2024, and for every corresponding period where Defendant paid him on an untimely basis.

42. As a result, for half of each biweekly pay period, Mayors was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

### FIRST CAUSE OF ACTION
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Class)**

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

45. Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a). Thus, Defendant underpaid Plaintiff and the Class.

46. Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 9, 2024

Respectfully submitted,

*Brian Schaffer* (signature)

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
David J. Sack
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*