UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON MAYORS, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | No. 24-cv-6815 (RA) |
| v. | MEMORANDUM OPINION & ORDER |
| PORT IMPERIAL FERRY CORP., | |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

On November 11, 2024, Defendant Port Imperial Ferry Corporation moved for an order staying this action pending "the potential resolution of a case-dispositive issue by the New York Court of Appeals . . . or the United States Court of Appeals for the Second Circuit," or, in the alternative, dismissing the complaint for failure to state a claim. *Mem. of Law. in Supp. of Def.'s Mot. to Stay, or, Alternatively, to Dismiss Pl.'s Compl.* 1, ECF No. 9 ("*Mot. to Stay or Dismiss*"). Plaintiff opposes. Having considered the relevant factors for deciding whether to stay an action pending resolution of an appeal on a dispositive issue, the Court finds that a limited stay is appropriate here. Accordingly, Defendant's motion to stay is granted and its motion to dismiss is held in abeyance.

Plaintiff brings this putative class action against his former employer for underpayment pursuant to New York Labor Law ("NYLL") § 191, seeking to recover liquidated damages and attorneys' fees pursuant to NYLL § 198(1-a). In particular, Plaintiff alleges that, as a manual worker under NYLL § 191, he should have received his paychecks on a weekly rather than bi-weekly basis and that these late payments constituted underpayment that is recoverable under NYLL § 198(1-a). *Compl.* ¶ 46, ECF No. 1; *see* NYLL § 191(1)(a) (providing that "[a] manual

worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned"); NYLL § 198(1-a) (authorizing recovery for "underpayment" of wages). Defendant responds that Plaintiff, who received all of his paychecks, has not been "underpayed" and thus is not entitled to recover under NYLL. *Mot. to Stay or Dismiss* 8–9. A dispositive issue in this case is whether NYLL § 198(1-a) provides an express or implied right of action to a manual worker who received all of his paychecks, but on an untimely basis.

New York State appellate divisions have recently split on this issue. *Compare Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286, 288–89 (N.Y. App. Div. 1st Dep't 2019) (concluding that NYLL § 198(1-a) "expressly provides a private right of action for a violation of Labor Law § 191," and, even if it did not, a remedy may be implied), *with Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 719 (App. Div. 2d Dep't 2024) (concluding that NYLL § 198(1-a) did not provide an express or implied right of action). The *Grant* plaintiff filed a motion for reargument and leave to appeal on February 15, 2024, which is currently pending before the Second Department. *See Grant*, No. 2021-03202, NYSECF No. 24.

Here, Defendant argues that this action should be stayed pending the New York Court of Appeals' resolution of this split of authority.[1] *Mot. to Stay or Dismiss* 1. In the alternative, Defendant asks this Court to dismiss Plaintiff's Complaint for failure to state a claim on the basis

---

[1] Defendant initially also argued that this Court should stay this action pending the Second Circuit's review of *Birthwright v. Advance Stores Co., Inc.*, No. 24-2111, which concluded that there was a cause of action under NYLL § 198(1-a) and certified the interlocutory decision for appeal. On December 4, 2024, however, the Second Circuit denied leave to appeal the district court's interlocutory order. *Birthwright v. Advanced Stores*, No. 24-2111, ECF Nos. 24–25 (concluding that movant had not shown that extraordinary circumstances justified an interlocutory appeal and noting the pending motion in *Grant* for leave to appeal). Thereafter, Defendant advised this Court that it no longer seeks a stay based on pending review in the Second Circuit. *See* Def.'s Letter (Dec. 6, 2024), ECF No. 16.

that NYLL § 198(1-a) does not provide an express or implied right of action to a worker such as Plaintiff. *Id.* at 3.

On the question of whether to issue a stay pending decision in *Grant*, district courts in this circuit are divided. Defendant identifies a number of courts in this district that have ordered stays pending the Second Department's decision in *Grant* or the Court of Appeals' possible review of *Grant*, including this Court. *See Urena v. Sonder USA Inc.*, No. 22 Civ. 7736 (VM), 2024 WL 1333012, at *3 (S.D.N.Y. Mar. 28, 2024) (granting temporary stay pending Court of Appeals' potential review of *Grant*); *Pry v. Auto-Chlor System*, LLC, 23 Civ. 4541 (DEH), 2024 WL 3728981, at *3 (S.D.N.Y. Aug. 8, 2024) (same); *Sethy v. Victoria's Secret Stores*, No. 23-cv-03452 (RA), 2023 U.S. Dist. LEXIS 124756, at *3 (S.D.N.Y. July 19, 2023) (staying action pending the Second Department's decision in *Grant*); *Sethy*, No. 23-cv-03452 (RA), ECF Nos. 31, 33, 35, 37 (granting parties' joint requests for limited continuances of stay following issuance of *Grant* decision); *Mohammed v. Leap Services, Inc.*, No. 24-cv-1318, ECF No. 35 (JMF) (RFT) (S.D.N.Y. May 23, 2024) (staying case on parties' consent pending Court of Appeals' potential review of *Grant*, and requiring parties to file letter within 72 hours of any material developments).

Plaintiff, meanwhile, identifies three district court cases that have denied motions to stay pending a ruling in *Grant*. *See Bryant v. Buffalo Exch., Ltd.*, No. 23-cv-8286 (AS), 2024 WL 3675948, at *6 (S.D.N.Y. Aug. 6, 2024) (denying stay in part because "any decision by the Court of Appeals is far off, and it's not even certain that there will be one"); *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 70 (S.D.N.Y. 2023) (denying stay of action pending Second Department's decision in *Grant*); *Covington v. Childtime Childcare, Inc.*, No. 23-cv-710 (BKS) (MJK), 2024 WL 4792870, at *2 (N.D.N.Y. Nov. 13, 2024) (denying motion to stay discovery pending decision of the New York Court of Appeals in *Grant*).

3

The Court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Thomas v. N.Y. City Dep't of Educ.*, No. 09-cv-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision whether to grant a stay is "firmly within a district court's discretion," *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009). In deciding whether a stay is appropriate, courts consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* at 304. The Court has considered these factors and finds that a stay is warranted here, at least until such time as the Second Department rules on the pending motion for reargument and leave to appeal.

In this case, only the first three factors are pertinent to this analysis. First, neither Plaintiff nor the putative class would be "unduly prejudice[d]" by a stay, given that Plaintiff "seeks only monetary damages . . . and does not dispute that he was already paid all of his outstanding wages." *Urena*, 2024 WL 1333012, at *2. It is true, as Plaintiff argues, that the "late payment of wages is a concrete harm," *Caul v. Petco Animal Supplies, Inc.,* No. 20-cv-3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021), and that Plaintiff has an interest in the timely adjudication of his claim. Given, however, that Plaintiff "has already been paid all wages and is now only seeking liquidated damages," *Pry*, 2024 WL 3728981, at *2, the Court finds that a stay would not unduly prejudice him.

The second and third factors—the interests of and burden on Defendant and the interests of the courts, respectively—also favor issuance of a stay. A stay would promote the interests of the courts by promoting judicial economy. "*Grant* created a conflict within the New York Appellate Division on a significant issue of state law, which provides substantial grounds for leave to appeal to the New York Court of Appeals." *Pry*, 2024 WL 3728981, at *2. If the Court of Appeals issues a decision in *Grant*, its decision would be binding on this Court. *See Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."); *see also Urena*, 2024 WL 1333012, at *2 ("A stay is especially warranted here, where 'a higher court is close to settling an important issue of law bearing on the action.'" (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012))). "Both parties would be prejudiced by expending time and resources litigating a question that may be definitively resolved by the New York Court of Appeals in the near future." *Pry*, 2024 WL 3728981, at *2 ("Under these circumstances, staying the case would also preserve judicial resources, which serves the interests of the courts and the public."). A stay may avoid unnecessary litigation, including the burden of discovery, on a question that may yet be resolved in Defendant's favor. Accordingly, Defendant's motion for a stay is granted and its motion to dismiss is held in abeyance.

Plaintiff correctly notes, however, that it is uncertain when, if ever, the Court of Appeals will hear an appeal in *Grant*. *See Opp.* 19, ECF No. 13; *see also Bryant*, 2024 WL 3675948, at *6 (noting that "any decision by the Court of Appeals is far off, and it's not even certain that there will be one"). In order to avoid unnecessary inefficiencies in the litigation of this case, the stay is granted pending the Second Department's ruling on the pending motion for reargument and leave

to appeal, at which time the Court will reconsider the motion to stay. The parties shall file a letter within 72 hours of any material developments in *Grant*.

SO ORDERED.

Dated:   January 3, 2025
         New York, New York

                                            _____
                                            Hon. Ronnie Abrams
                                            United States District Judge